Genevieve AYDT, as Trustee for the heirs of Michael G. Maas, Plaintiff,

v.

UNION WIRE ROPE COMPANY, a division of Armco Steel Corporation, and Armco Steel Corporation, Defendant and Third Party Plaintiff-Appellant,

v.

SPANCRETE MIDWEST CO., Third Party Defendant-Appellee.

No. 73-1750.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1974.

Decided March 26, 1974.

---

Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, Minn., for appellant.

Mahoney, Dougherty & Mahoney, Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the grant of a summary judgment dismissing a third party complaint in a wrongful death action in the District of Minnesota. Michael Maas, the decedent, was accidentally killed while working at a construction site in Minnesota. Plaintiff Genevieve Aydt brought a wrongful death action against Union Wire Rope Co., the manufacturer of an allegedly defective cable which caused Maas' fatal accident.[1] Union Wire then brought a third-party action against Spancrete Midwest Co., decedent's employer, for indemnity or contribution. Union Wire alleged that Spancrete caused or contributed to the accident through negligence and carelessness.

Spancrete moved to dismiss the third-party complaint, claiming that Union Wire's third-party action was barred by virtue of Minn.Stat. § 176.061, subd. 10.[2] The district court granted the motion and Union Wire now appeals.

A recent decision of the Minnesota Supreme Court is dispositive of this case. In Carlson v. Smogard, Minn., 215 N.W.2d 615 (1974), the Minnesota court held that § 176.061, subd. 10 is an unconstitutional violation of the due process clause of the United States Constitution and art. 1, § 8 of the Minnesota Constitution. The rationale of the court's decision is that § 176.061, subd. 10 abrogates the third-party tortfeasor's common law right of action without providing a reasonable substitute and, in addition, furthers no legitimate legislative objective. The Minnesota Supreme Court declared the statute unconstitutional because it knew "of no other way to correct this otherwise 'unrightable wrong.'"

The grant of the motion for summary judgment is reversed and the case remanded for further proceedings.

---

1. The wrongful death action has not yet been tried or otherwise terminated.

2. Minn.Stat. § 176.061, subd. 10 reads as follows:
   *Employer not liable to third party.* If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in absence of a written agreement to do so executed prior to the injury.